UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80145-CR-RYSKAMP

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

REINIER KOOLE,

    Defendant.
_____/

FILED by _____ D.C.

DEC - 8 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court for a final probable cause hearing on a superseding petition for violations of supervised release. The Defendant, REINIER KOOLE, appeared before the Court on December 1, 2011, represented by Robert Stickney, Esq. The Government was represented by AUSA William Zloch. The Defendant is charged with 2 violations: (1) failure to follow the instructions of Probation for failure to sign a release of information form on September 12, 2011, allowing communication with the VA Administration Hospital's Mental Health Department; (2) failure to follow the instructions of Probation for failure to respond to Probation on August 24, 2011, by telephone.

At the hearing Probation Officer Peggy Hobcroft-Bates recommended that the superseding petition be dismissed. The Government recommended that the defendant's supervised release not be revoked. As to the first violation, the Defendant signed the release form on September 14, 2011. As to the second violation, the Defendant failed to respond by telephone but did respond by email and never missed a meeting with Probation.

The section pertaining to revocations of supervised release requires the

court to find that the Defendant violated the conditions of his supervised release by a preponderance of the evidence rather than beyond a reasonable doubt. *See Johnson v. United States,* 529 U.S. 694, 700, 120 S.Ct. 1795 (2000)(citing 18 U.S.C. § 3583(e)(3)); *United States v. Poellnitz,* 372 F.2d 562, 566 (3d Cir. 2004) (stating, "[t]he plain language of § 3583(e)(3) requires a finding by 'a preponderance of the evidence' that the defendant violated a condition of his supervised release."); 18 U.S.C. § 3583(e)(3).

While the Defendant admits to technical violations of conditions supervised release, he has corrected those technical violations and not committed any further violations. Moreover, the Defendant is participating in mental health treatment at the VA Hospital. This Court **RECOMMENDS** that based upon the above facts that the superseding petition be **DISMISSED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Senior United States District Court Judge Kenneth L. Ryskamp, within fourteen days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. *See United States v. Warren,* 687 F.2d 347, 348 (11th Cir.1982), *cert. denied,* 460 U.S. 1087 (1983).

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 8 day of December, 2011.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Honorable Kenneth L. Ryskamp, Senior United States District Judge
Counsel of record
U.S. Marshal
U.S. Probation
Clerk of Court